IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CR-34-WKW |
| | ) | [WO] |
| A. C. CAMPBELL | ) | |

**ORDER**

Defendant A. C. Campbell has filed a motion to reconsider his sentence imposed upon the revocation of his supervised release. (Doc. # 80.) In essence, Mr. Campbell asks the court to modify his sentence so that he may be eligible for release under the Bureau of Prisons's compassionate release program. Mr. Campbell's motion is due to be denied.

The court's authority to modify Mr. Campbell's sentence "is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). In fact, modification is prohibited except in three narrow circumstances: (1) where the Bureau of Prisons has filed a motion or where the defendant has filed a motion "after fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," *see* 18 U.S.C. § 3582(c)(1)(A) (2018), and either extraordinary and compelling reasons warrant a reduction

> or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).

*Phillips*, 597 F.3d at 1195.  None of those circumstances exists here.  The Bureau of Prisons has not filed a motion.  Mr. Campbell expresses a wish for the BOP to grant him early release, not for this court to release him pursuant to 18 U.S.C. § 3582(c)(1)(A).  Mr. Campbell's guideline range has not been lowered by the U.S. Sentencing Commission.  The United States has not moved to reduce Mr. Campbell's sentence based on substantial assistance to the government.  Fed. R. Crim. P. 35(b).  And Mr. Campbell did not identify any "arithmetical, technical, or other clear error" in his sentence within fourteen days of sentencing.  Fed. R. Crim. P. 35(a).  It is therefore ORDERED that Defendant's motion to reconsider his sentence (Doc. # 80) is DENIED.

If Mr. Campbell wishes to seek compassionate release directly from this court, he should file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  In support of such motion, Defendant should submit proof that he has submitted an administrative petition requesting that the BOP file a motion for compassionate release on his behalf pursuant to 18 U.S.C. § 3582(c)(1)(A).  He should provide evidence of the date he filed the petition, and he should inform the

court whether he has received a response to the request, and if possible, submit evidence of the response or lack thereof.  If Defendant wishes to pursue a motion for compassionate release, Defendant should also set forth in writing the "extraordinary and compelling reasons" supporting his motion.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

DONE this 14th day of July, 2020.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE